```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BARBARA A. PERRICONE-BERNOVICH, et al.,   :
                                          :
              Plaintiffs,                 :
                                          :
      v.                                  :     MEMORANDUM & ORDER
                                          :     21-CV-3149 (WFK)(CLP)
COMMUNITY DEVELOPMENT                     :
CORPORATION OF LONG ISLAND, INC., et al., :
                                          :
              Defendants.                 :
-------------------------------------------------------------X
```
**WILLIAM F. KUNTZ, II, United States District Judge:**

The Court received the above-captioned *pro se* complaint on June 2, 2021. *See* Complaint ("Compl."), ECF No. 1. Plaintiff Barbara A. Perricone-Bernovich, who is proceeding *pro se*, purports to bring this action on behalf of her brother, Plaintiff John Perricone. Plaintiffs Perricone-Bernovich and John Bernovich also appear on their own behalf. Plaintiffs paid the requisite filing fee to commence this action.

## BACKGROUND

The Complaint alleges that Defendants denied Perricone's request for reasonable accommodation to modify the parameters of the Housing Choice Program. Compl. at 17. This program of the United States Department of Housing and Urban Development is designed to assist very low-income families, the elderly, and the disabled by providing housing vouchers. Plaintiffs seek a waiver to allow Perricone to use his voucher while living in the home of Perricone-Bernovich and Bernovich. *Id.*

Plaintiffs allege that Defendants' actions violated the Fair Housing Act, Section 504 of the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 6. They assert that Defendants' actions violated Perricone's right to privacy and caused him stress

that has affected him physically and mentally. *Id.* at 53. Plaintiffs Perricone-Bernovich and Bernovich "have endured tremendous stress and anxiety" and "insecurity . . . about where they could and would live." *Id.* Plaintiffs seek to compel Defendants to approve transfer of Perricone's Housing Choice Voucher and other injunctive and declaratory relief, along with punitive and compensatory damages. *Id.* at 59–61.

It appears that Perricone-Bernovich, Bernovich, and Perricone each signed the Complaint. However, the Complaint asserts that Perricone is "mentally handicapped," *id.* at 17, "is incapable of understanding the laws and regulations that apply to him and cannot be his own advocate," *id.* at 18, suffers from schizophrenia, *id.*, has "mental disabilities [that] prevent him from comprehending," *id.* at 38, and "does not understand most aspects of this case," *id.* at 53.

## DISCUSSION

### I. Appearance by or on behalf of an incapacitated person

Perricone-Bernovich cannot proceed on behalf of her brother, unless she is an attorney admitted to practice in this jurisdiction. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (holding that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf"); *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (holding non-attorneys may not bring suit on behalf of adults who are not competent to handle their own affairs).

It is not clear whether Perricone can appear on his own behalf. "A minor or incompetent person normally lacks the capacity to bring suit for himself." *Berrios*, 564 F.3d at 134. Capacity to sue is determined by state law of the state where the individual resides.[1] Fed. R. Civ. P.

---

[1] It is not clear whether Perricone is domiciled in New York or Pennsylvania. According to the Complaint, he had resided at Dawn Hill Adult Home until March 2020, when the global pandemic forced him to temporarily relocate to the home of Perricone-Bernovich and Bernovich in Pennsylvania. The Complaint states that all three plaintiffs intend to move to Smithtown, New York.

17(b)(1) (noting the capacity of an individual claim owner to sue is determined by "the law of the individual's domicile"). In New York State, an infant or an individual who has been judicially declared to be incompetent or who is incapable of adequately prosecuting or defending his rights cannot appear on his own behalf. N.Y. C.P.L.R. § 1201.

An individual who does not have capacity to sue may appear by his "next friend" or guardian *ad litem.* N.Y. C.P.L.R. § 1201; *see also Brewster v. John Hancock Mut. Life Ins. Co.*, 720 N.Y.S.2d 462, 462 (2001) (holding that an adult incapable of adequately prosecuting or defending his or her rights shall appear by his or her guardian); *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 442 (S.D.N.Y. 2020) ("Under New York law, an individual declared legally incompetent can only appear by his or her guardian."); Fed. R. Civ. P. 17(c) (noting a guardian, committee, conservator, or like fiduciary may bring claims in federal court on behalf of a minor or incompetent person). However, in order for a non-attorney guardian to bring a lawsuit on behalf of an incompetent person, the guardian must be represented by counsel. *Berrios*, 564 F.3d at 134 ("If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.")

Accordingly, to proceed on Perricone's behalf, Perricone-Bernovich must affirm that she is an attorney admitted to practice in this jurisdiction. If she is not an attorney and wishes to appear on behalf of Perricone-Bernovich, she must obtain counsel to represent her in her capacity as guardian or "next friend." Alternatively, if Perricone has capacity to proceed, he may proceed on his own behalf.

## II. Standing

It is not clear that either Perricone-Bernovich or Bernovich has standing to proceed on her or his own behalf. "In every federal case, the party bringing the suit must establish standing

3

to prosecute the action." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "The irreducible constitutional minimum of standing derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to cases and controversies." *Natural Resources Defense Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (internal quotation marks and citations omitted). "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision' of the federal court." *Id.* (citations omitted). To confer standing, an injury must "affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.1 (1992). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citations and internal quotation marks omitted.)

In this case, the injunctive relief and claims for disability discrimination under the Fair Housing Act and the Rehabilitation Act appear to belong to Perricone alone. Perricone-Bernovich and Bernovich have not alleged that they are disabled or in need of protection under these statutes. The Complaint alleges that Perricone-Bernovich and Bernovich also suffered emotional distress as a result of Defendants' actions. But they have not asserted any violation of their own rights under the Fourteenth Amendment or other constitutional provisions or federal laws.

## CONCLUSION

In order to proceed with this lawsuit, the Plaintiffs must establish that they have the capacity and standing to proceed. If Plaintiff Perricone-Bernovich wishes to proceed on behalf

of her brother, she must establish that she is an attorney admitted to practice in this jurisdiction or obtain counsel to represent her in her capacity as next friend or guardian. If Plaintiff Perricone is to proceed on his own behalf, he must affirm that he is acting on his own behalf and that he wishes the caption to be amended to reflect that. Should Plaintiffs Perricone-Bernovich and Bernovich wish to proceed on their own behalf, they may submit an amended complaint establishing injury, causation, and redressability sufficient to confer standing.

In light of Plaintiffs' *pro se* status, the Court grants 30 days within which to file affirmations or an amended complaint in order to cure the deficiencies in their initial filing. Plaintiffs are reminded that an amended complaint completely replaces the original complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

**SO ORDERED.**

**s/ WFK**
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2021
        Brooklyn, New York

5